MAYER ZAWADSKY, Plaintiff, *v.* GUSSIE ZAWADSKY, Defendant.

Supreme Court, Special Term, New York County, November 2, 1938.

*Jules Berg* [*Hyman J. Eisenberg* of counsel], for the plaintiff.

*Harry J. Cohen,* for the defendant.

LAUER, J. Although the former requirement of section 266 of the Civil Practice Act, that a counterclaim must tend to defeat or diminish the plaintiff's recovery, was repealed by chapter 324 of the Laws of 1936, and section 266 in its present form is broad enough to permit matrimonial counterclaims in actions which are not matrimonial in character, section 1168 of the Civil Practice Act provides for matrimonial counterclaims only " where an action for divorce, separation or annulment is brought by either husband or wife." If matrimonial counterclaims may, as the result of the amendment of section 266 of the Civil Practice Act, be permitted

in any action, regardless of its character, the provisions of section 1168 would be entirely superfluous and the section would be utterly meaningless. That the failure to repeal section 1168 of the Civil Practice Act was not inadvertent on the part of the Legislature is evidenced by the fact that a year after the amendment of section 266 of the Civil Practice Act the Legislature amended section 1168 of the Civil Practice Act (Laws of 1937, chap. 525) so as to permit counterclaims for annulment, the section having theretofore authorized only counterclaims for divorce and separation. As the present action is not one for divorce, separation or annulment, the counterclaim for a separation is not authorized by section 1168 of the Civil Practice Act, and the motion to strike out the counterclaim as improperly interposed is accordingly granted.