RUTH D. THOMPSON, Plaintiff, *v.* LOUIS W. THOMPSON, Defendant.

City Court of the City of Schenectady, December 30, 1948.

*Joseph N. Barnett* for plaintiff.

*McNab & McNab* for defendant.

BATES, J. This is an action on a separation agreement between plaintiff and defendant dated September 20, 1944, for the alleged failure of the defendant husband to make certain payments in accordance with said agreement. The action was commenced on October 9, 1948. The defense is a denial of said alleged failure and a breach of the agreement by the plaintiff. Defendant also claims that this action can be determined in a pending divorce action in the Supreme Court, State of New York, Schenectady County, brought by said defendant against the plaintiff herein and further that this court has no jurisdiction to hear the issues raised as above noted.

The defendant has moved to dismiss the action on the ground of lack of jurisdiction of the subject matter. Briefs have been submitted by counsel the last brief having been filed on December 16, 1948.

This court finds that the Schenectady City Court has jurisdiction to try the issues of the alleged failure of the defendant to pay and the alleged breach by the plaintiff. (Schenectady City Ct. Act, L. 1927, ch. 393, § 7, subd. 1.)

In view of the repeal of section 1168 of the Civil Practice Act, effective September 1, 1948, more than a month prior to the starting of the action herein, the claim of the defendant that this action can be determined in said pending divorce action, raises a broader question than the jurisdiction of the court in this case, namely, the effective and orderly administration of justice so that it may be the least expensive and the least annoying to the litigants and so that the multiplicity of suits may be lessened.

The Judicial Council's report for 1948 (pp. 53–55) recommended the repeal of said section 1168 of the Civil Practice Act. Its supporting study is set forth on pages 221–227 of said report. Since the repeal of said section there apparently has been no reported court decision covering the effect of its repeal on counterclaims in matrimonial actions or counterclaims of a matrimonial nature. At least this court knows of none. Under the circumstances this court has found the comments of the Judicial Council in its said report helpful in reaching its conclusions herein.

With the repeal of section 1168 this court finds that counterclaims in matrimonial actions and counterclaims of a matrimonial nature can now be interposed in accordance with the provisions of section 266, subject to the restrictions discretionary with the court, under section 262. Before the repeal of section 1168 reported cases have held with few exceptions that such counterclaims must meet the requirements of section 1168 and could not be interposed in accordance with section 266. Among those cases are *Perkins* v. *Guaranty Trust Co.* (276 N. Y. 553), *White* v. *White* (271 App. Div. 581), *Ceva* v. *Ceva* (186 Misc. 783), and *Zawadsky* v. *Zawadsky* (169 Misc. 406).

It is this court's conclusion that this cause of action now before it can be interposed, because of the repeal of section 1168, as a counterclaim in said action for divorce, that a cause of action to set aside or nullify the separation agreement, if such is desired, can be heard at the same time, and that all matters in dispute between the parties herein can be heard also at the same time, subject always to the discretion of the Supreme Court under section 262.

It is this court's conclusion that in the interests of effective and orderly administration of justice and in the interests of both the litigants in this case and in an endeavor to prevent the multiplicity of suits, all matters in dispute between the parties herein should be decided before one court at one time. Since an action for divorce is pending in the Supreme Court between them that is the proper court to hear all matters in dispute between them. It is obvious because of the limited jurisdiction of the Schenectady City Court as shown by said section 7 of the Schenectady City Court Act, that it cannot hear all matters in dispute between them.

Since, as found above, this court has jurisdiction to hear the issues before it in this action, the motion of the defendant to dismiss for lack of jurisdiction, is denied.

However, in view of the conclusions of this court hereinabove, the court now exercises its discretion under subdivision 3 of section 54 of the Schenectady City Court Act and places this case on the court's general calendar.

At the request of either party to this action, on notice to the other, this court will hear the parties herein on the question of bringing this case from the general calandar to the active calendar on the ground of changed conditions or on other grounds. Such a motion must be made, however, before the expiration of one year from date. A case on the general calendar for more than one year is dismissed by the court without notice to the parties.

If the Supreme Court in its discretion under section 262 of the Civil Practice Act or otherwise, refuses to hear this case as part of the pending action for divorce or otherwise, then this court will then hear the same on motion of either party.

Kindly submit order.